Dear Mr. Tyson:
You have requested this office to issue an advisory opinion as to whether an employee of the Atchafalaya Basin Levee District can serve as a member of the St. Martin Board of Elections Commission.
The legal matters of dual office holding and dual employment are covered in Louisiana Revised Statute 42:61-66. The articles discuss certain prohibited combinations of work and those positions that are exempt from such prohibitions.
The first employment position questioned involves a full-time employee of the Atchafalaya Basin Levee District. The Local Government article of the Louisiana Constitution of 1974 retained the Atchafalaya Basin Levee District along with other levee districts in the state. La. Const. Art.VI, § 38. Article VI further defines political subdivisions as a "parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions." La. Const. Art. VI, § 44(2). This office in a prior opinion has stated that levee districts are classified as local political subdivisions. See Atty. Gen. Op. 84-75. Therefore, we still hold that levee districts are local political subdivisions.
Parish boards of election supervisors were established by La.R.S. 18:423. Under La.R.S. 18:423 (C), these boards are composed of appointive, part-time positions, namely the registrar of voters, the clerk of court, the chairman of the parish executive committee of each recognized political party or his designee who shall be a member of the parish executive committee of the same recognized political party, and one member appointed by the Governor.
The Revised Statutes regarding dual employment clearly state that "no person holding full-time employment . . . of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these." La.R.S. 42:63 (E). The above prohibition does not affect the issue at hand because the appointed position to the St. Martin Board of Elections Commission is a part-time appointed position.
There are no other restrictions under Title 42 that would prohibit a person from holding these two positions concurrently. Therefore, nothing in La.R.S. 42:61-66 would prohibit a person currently enjoying full-time employment with the Atchafalaya Basin Levee District from accepting a part-time appointment to the St. Martin Board of Elections Commission.
I believe the above opinion has answered you questions. Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ CHARLES H. BRAUD JR. Assistant Attorney General
RPI/CHB:mjb